IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONTE GLASCOE,

   *Petitioner*,

v.

UNITED STATES OF AMERICA,

   *Respondent*.

Criminal No. ELH-13-0629
Related Civil No.: ELH-16-1678

## MEMORANDUM

Monte Glascoe, who is now self-represented, filed a motion to vacate, through counsel, under 28 U.S.C. § 2255, based on *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2552 (2015). ECF 116. The Federal Public Defender's Office ("FPD") subsequently filed a supplement, pursuant to *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018). ECF 122. I shall refer to ECF 116 and ECF 122 collectively as the "Petition." The petition challenges the constitutionality of Glascoe's conviction under 18 U.S.C. § 924(c).

Following the Fourth Circuit's decision in *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), the FPD moved to withdraw as counsel. ECF 145. I granted that motion. ECF 146. Thereafter, the government filed an opposition to the Petition. ECF 153. No reply was filed.

A hearing is unnecessary to resolve the Petition. For the reasons that follow, I shall deny the Petition.

### I.    Procedural Background[1]

On January 16, 2014, Monte Glascoe and two others were charged in an eight-count Superseding Indictment. ECF 27. Seven counts are relevant to Petitioner: conspiracy to commit

---

[1] The case was originally assigned to Judge William D. Quarles, Jr. It was reassigned to me due to the retirement of Judge Quarles.

Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One); three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts Two, Four, and Six); and three counts of possession of and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Three, Five, and Seven). Of relevance here, the Superseding Indictment identified the Hobbs Act conspiracy charged in Count One and the Hobs Act robbery charged in Count Two as the predicate crimes of violence to support the § 924(c) charge in Count Three. *See* ECF 27 at 6.

Petitioner entered a plea of guilty on June 24, 2014, to Counts Two and Three of the Superseding Indictment. ECF 53 (Rearraignment); ECF 57 (Plea Agreement). Count Two concerned the robbery of a 7-Eleven store in Baltimore on July 26, 2013. ECF 27 at 5. And, Count Three charged the corresponding violation of § 924(c).

In the Plea Agreement, the parties stipulated to the offense elements of both offenses. As to Count Three, the Plea Agreement provided, ECF 57, ¶ 2:

> That on or about July 26, 2013, in the District of Maryland,
>
> a. The Defendant committed a crime of violence, specifically Hobbs Act Robbery, as charged in Count Two of the Superseding Indictment, for which he might be prosecuted in a court of the United States; and
>
> b. The Defendant knowingly possessed and brandished a firearm in furtherance of the commission of the crime charged in Count Two of the Superseding Indictment.

On September 25, 2014, the Honorable William D. Quarles, Jr. sentenced Petitioner to 24 months' imprisonment as to Count Two, and to 84 months' imprisonment, consecutive, as to Count Three, resulting in a total sentence of 108 months. ECF 82 (Judgment). Counts One, Four, Five, Six, and Seven were dismissed on the government's motion. *Id.* Petitioner did not appeal his conviction or sentence.

Thereafter, on May 26, 2016, Glascoe filed a Petition under 28 U.S.C. § 2255, pursuant to the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF 116. In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act's definition for violent felony, at 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Id.* at 2558.

Then, on April 4, 2019, Petitioner, through counsel, filed a supplement to his Petition, citing *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, the Supreme Court applied *Johnson* to the residual clause of the crime of violence definition in 18 U.S.C. § 16(b). *Id.* at 1210. Petitioner also asked the Court to hold his case in abeyance pending the outcome of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). ECF 122. On June 24, 2019, the Supreme Court issued its decision in *Davis*, ruling that the "residual clause" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *Id.* at 2334.

However, the Fourth Circuit has since determined that Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), still qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c). *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019), and *Stokes v. United States*, 140 S. Ct. 640 (2019). As a result, the FPD moved to withdraw as counsel in this matter. ECF 145. And, I granted that motion. ECF 146. Therefore, Petitioner is now proceeding *pro se*.

## II.     Discussion

### A.

The grounds for collateral relief under 28 U.S.C. § 2255 are narrower than those for relief on direct appeal. A motion under 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (1) the sentence was imposed in

violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962); *United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v. Middleton*, 883 F.3d 485 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Under § 2255, the Petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). Notably, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

Under 28 U.S.C. § 2255(b), the Court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). This is such a case. No hearing is necessary.

**B.**

Section 924(c) of 18 U.S.C. prohibits using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A crime of violence is defined as "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may b used in the course of committing the offense."

§ 924(c)(3). Subsection (A) of 18 U.S.C. § 924(c)(3) is commonly referred to as the "force clause" or "elements clause," while subsection (B) is referred to as the "residual clause."

As noted, in the recent case of *United States v. Davis*, 139 S. Ct. 2319, the Supreme Court ruled that the residual clause in § 924(c)(3)(B) was unconstitutionally vague. *See id.* at 2336. However, as indicated, Petitioner's § 924(c) conviction as to Count Three was predicated on his Hobbs Act robbery offense in Count Two. And, the Fourth Circuit has determined that Hobbs Act robbery categorically qualifies as a crime of violence under the force clause in 18 U.S.C. § 924(c)(3)(A). *See Mathis*, 932 F.3d at 266.

The Hobbs Act provides, 18 U.S.C. § 1951(a):

> Whoever in any way or degree obstructs, delays, or affects commerce … by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

"Robbery" is defined as the taking of personal property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

In *Mathis*, the Fourth Circuit relied on its prior decision in *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), and concluded that Hobbs Act robbery requires the use, attempted use, or threat of physical force, even when the offense only involves "fear of injury," because that term is synonymous with "intimidation," which necessarily "involves the threat to use [physical] force." *Mathis*, 932 F.3d at 266.

Clearly, Petitioner's conviction for the Hobbs Act robbery charged in Count Two of the Superseding Indictment qualifies as a crime of violence under the force clause. The conviction

under Count Three, pursuant to 18 U.S.C. § 924(c), was predicated on that crime. Thus, it remains valid.

### III.   Conclusion

For the reasons stated herein, I shall deny the Petition. A Certificate of Appealability shall not issue.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[2]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

---

[2] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the Fourth Circuit.

An Order follows.


Date:  August 3, 2020                                     /s/
                                                Ellen L. Hollander
                                                United States District Judge